■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v TEOFILO VALLES, Appellant. — Judgment, Supreme Court, New York County (Jerome Marks, J.), rendered July 15, 1982, which convicted defendant on a plea of guilty to two counts of sodomy in the first degree (Penal Law, § 130.50) and one count of assault in the second degree (Penal Law, § 120.05) and sentenced defendant to indeterminate prison terms of from 4½ to 9 years on each of the sodomy counts and from 1 to 3 years on the assault count, unanimously modified, on the law, to the extent of reversing and vacating the sentence on the sodomy counts and that matter remanded for resentence, and otherwise affirmed. Defendant pleaded guilty to two counts of sodomy in the first degree and one count of assault in the second degree, the plea entered in satisfaction of two indictments. Defendant contends that his sentence pursuant to subdivision 4 of section 70.02 of the Penal Law as an armed violent felony offender was illegal. In sentencing defendant to an indeterminate term of 4½ to 9 years, the trial court mistakenly assumed that sodomy in the first degree was an armed felony offense under the Criminal Procedure Law. CPL 1.20 (subd 41) defines "armed felony" as "any violent felony offense defined in section 70.02 of the penal law that includes as an element either: (a) possession, being armed with or causing serious physical injury by means of a deadly weapon, if the weapon is a loaded weapon from which a shot, readily capable of producing death or other serious physical injury may be discharged; or (b) display of what appears to be a pistol, revolver, rifle, shotgun, machine gun or other firearm." Although sodomy in the first degree is a class B violent felony offense under section 70.02 of the Penal Law, it is not an armed felony since the requisite elements do not include either possession of a deadly weapon or display of a firearm (Penal Law, § 130.50). Thus, defendant should have been sentenced as a violent felony offender but not as an armed felony offender. While appellant claims that he should be resentenced to a term of 3 to 9 years, we are in agreement that the matter should be remanded for resentencing so that the parties and the court may re-evaluate the negotiated plea in light of the misunderstanding on the original plea, at which time the parties mistakenly assumed that defendant

could receive a maximum sentence of two times, rather than three times, the minimum term imposed. On this record it does not appear whether, in view of the serious nature of the crime, the prime concern of the sentencing court was the length of the minimum term. Conceivably, had the court been aware of the fact that defendant was to be sentenced as a violent felon, and not as an armed felon, it might have refused a minimum less than 4½ years, which, under these circumstances, would carry a maximum term of 13½ years. Accordingly, we remand the matter for resentencing on the sodomy counts. Concur — Murphy, P. J., Kupferman, Sullivan, Ross and Kassal, JJ.